UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

June 21, 2021

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Lesslie Rivera, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-20-3333 |
| | § | |
| Juan Garza, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Partial Dismissal

1.    *Background.*

Early in the morning on January 10, 2019, members of a joint Houston Police Department and Federal Bureau of Investigation task force met at a Houston restaurant to plan the execution of an arrest warrant for Mario Rivera Pizano. Officer Juan Garza and his supervisors, Sergeants Gary Bender and Corey Harrington, attended this meeting.

Later that morning, the task force arrived to execute the warrant. The lot had a main house in the front – where Lesslie Rivera, her child, A.K.R., and her brother, Michael Rivera, lived – and a small home in the back – where Mario Pizano, their father, lived. An iron gate enclosed the homes.

The officers approached the gate where Pizano was outside in the yard with two dogs. They ordered Pizano to put the dogs in the house, which he did with Lesslie Rivera's help. The officers then opened the gate, pulled Pizano into the front yard, and handcuffed him. Lesslie Rivera – holding A.K.R. – stood in the back yard to watch the arrest.

One of the dogs escaped, and Lesslie Rivera attempted to put it back in the house. The dog broke free from her and charged the officers. Garza fired four shots at the dog. Two hit it while one clipped Lesslie Rivera.

Michael Rivera was not home at the time. His mother was driving him to school when they were pulled over during the arrest.

On September 28, 2020, Lesslie Rivera, individually and as next friend of A.K.R., and Michael Rivera sued the City of Houston, Juan Garza, Gary Bender, and Corey Harrington for: (a) five claims under 42 U.S.C. § 1983; (b) violating the Texas Tort Claims Act; (c) intentional infliction of emotional distress; and (d) local law indemnification. Bender and Harrington have moved to dismiss all the claims against them as barred by the statute of limitations. All of the defendants have moved to dismiss the tort claims as barred under the Texas Tort Claims Act.

2.      *Service.*

Bender and Harrington have moved to dismiss saying that service was improper because they were served with just the summons, and the deadline to complete service has passed.

This court has broad discretion in deciding whether to dismiss a case for ineffective service.[1]

The Riveras say that they had accidentally sent the process server a copy of the court's order accepting the amended complaint rather than the amended complaint itself.

The court considers this error harmless. The Riveras attempted to serve in good faith and were merely unaware service was improper. Bender and Harrington were deposed a week after being served and raised no issues with service then. They were clearly on notice of the lawsuit. Bender and Harrington are represented by the same counsel as Garza and the City, so actual prejudice is unlikely.

The Riveras' claims against Bender and Harrington will not be dismissed for improper service.

---

[1] *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

3.     *Relation-Back Doctrine.*

This case arises from a police-involved shooting on January 10, 2019. The statutes of limitations for the claims are two years, so they expired on January 10, 2021.[2]

On April 1, 2021, the Riveras amended the complaint – with the court's leave – which added Bender and Harrington for the first time.

Bender and Harrington argue that the claims against them are barred by the statute of limitations. The Riveras counter by saying that these claims relate back to the original complaint and would then fall within the limitations period.

Under federal rule 15(c), for the relation-back doctrine to apply when the amendment names a new party, the new parties must have: (a) had adequate notice of the original lawsuit; and (b) knew that, but for a mistaken identity, the case would have originally brought against them.[3]

As Bender and Harrington were both City officers like Garza, they had adequate notice because of their shared identity interest. Misidentification caused Bender and Harrington to be left out of the original complaint. They were not identified in the City's press release about the incident. Their identities were disclosed late because of an inadvertent delay in a protective order being entered in this case – which the City would not disclose the officers' names without. In the interest of fairness, the court will not punish the Riveras for the City's delay – although justified – in disclosing the officers' roles.

Bender and Harrington also raise issue with the claims against them being new to the case. The important consideration is whether their claims arise from the same occurrence, which they clearly do. The claims are also related to the claims against the City that were already part of this case and are encompassed in the section 1983 claims.

---

[2] *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341-42 (5th Cir. 2005).

[3] *Jacobsen v. Osborne*, 133 F.3d 315, 319-22 (5th Cir. 1998).

Case 4:20-cv-03333   Document 59   Filed on 06/21/21 in TXSD   Page 4 of 5

Because the relation-back doctrine applies, the Riveras' claims against Bender and Harrington are not barred by the statute of limitations.

4.      *Texas Tort Claims Act.*

The Texas Tort Claims Act bars claims against the City that arise out of assault, battery, or another intentional tort.[4] Under the Act's election of remedies provision, when a City employee is sued based on his conduct within the scope of his employment, and the claim could have been brought against the City, the employee must be dismissed on the City's motion.[5]

The Riveras appear to argue that the City is liable for Garza's negligent firing of his gun. They claim that he negligently aimed his gun toward the dog when Lesslie Rivera and A.K.R. were in the backyard. The Riveras argue that this was negligent because Garza did not intend to harm them.

This analysis misconstrues basic tort law. The focal point is whether Garza intended the act of firing his gun. It is clear that Garza intended to shoot at the charging dog, so the claim arises from an intentional tort — trespass to chattels or conversion.[6] His lack of intent to shoot the Riveras is also irrelevant as the transferred intent doctrine would shift his intent to Lesslie Rivera and A.K.R.

Because they are rooted in an intentional tort, the Riveras' tort claims against the City under the Texas Tort Claims Act will be dismissed.

---

[4] *Franka v. Velasquez,* 332 S.W.3d 367, 378 (Tex. 2011).

[5] Texas Civ. Prac. & Rem. Code § 101.106.

[6] *See City of Watauga v. Gordon,* 434 S.W.3d 586, 592 (Tex. 2014).

-4-

The Riveras also sued Garza, Bender, and Harrington for intentional infliction of emotional distress. They have clearly pleaded this claim based on their official conduct as the City's police officers. The claim could have been brought against the City even if it would have been barred by the Act.[7]

Because the election of remedies provision applies, the Riveras' intentional infliction of emotional distress claim will be dismissed.

5.   *Punitive Damages.*

Having been advised that Lesslie Rivera, individually and as next friend of A.K.R., and Michael Rivera have abandoned their punitive damages claim against the City of Houston, it will be dismissed.

6.   *Conclusion.*

The intentional infliction of emotional distress and Texas Tort Claims Act claims by Lesslie Rivera, individually and as next friend of A.K.R., and Michael Rivera against the City of Houston, Juan Garza, Gary Bender, and Corey Harrington will be dismissed. Their punitive damages claim against the City will be dismissed.

Signed on June __21__, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[7] *Franka*, 332 S.W.3d at 380.